Filed 1/22/25  P. v. Bridges CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARK DESHAWN BRIDGES,<br><br>        Defendant and Appellant. | B337637<br><br>(Los Angeles County<br>Super. Ct. No. BA234845) |

APPEAL from an order of the Superior Court of Los Angeles County, David Herriford, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Mark Bridges's petition for resentencing brought under Penal Code[1] section 1172.6. We affirm the trial court.

## BACKGROUND

On May 9, 2003, a jury found Bridges guilty of one count of first degree murder and one count of attempted murder. The jury also found true enhancements for personal use and discharge of a firearm as to both offenses. The trial court sentenced Bridges to life plus 75 years-to-life in state prison.

On June 28, 2022, Bridges filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6). The trial court appointed counsel for Bridges and, on March 7, 2023, found that a prima facie showing for resentencing had been made. The trial court issued an order to show cause and set the matter for an evidentiary hearing pursuant to section 1172.6, subdivision (d).

At the hearing on April 16, 2024, the trial court reviewed the trial testimony and denied the petition, finding that the People had proven beyond a reasonable doubt that Bridges was the actual shooter. This appeal followed.

We appointed counsel for Bridges on appeal. On December 9, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel also stated he advised Bridges he could file his own supplemental brief within 30 days. Counsel sent Bridges transcripts of the record on appeal as well as a copy of the brief.

---

[1] Undesignated statutory sections are to the Penal Code.

On December 26, 2024, Bridges filed a supplemental letter in which he contends his trial counsel failed to investigate statements made by a Sergeant Engedal, failed to call two eyewitnesses to testify at trial, and failed to retain a ballistics expert to conduct ballistics testing. Bridges concludes: "Please consider these witness statements, that was never heard at trial. As well as the evidence that was never submitted. Although this evidence was readily available to trial counsel, it was never presented to the jury. This evidence would have created a reasonable doubt about my guilt."

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending sections 188 and 189. (Stats. 2018, ch. 1015, § 2, 3; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Senate Bill No. 775 (2021–2022 Reg. Sess.) later extended resentencing relief to individuals convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a)(3).)

Senate Bill No. 1437 also created former section 1170.95 (now codified as section 1172.6), which set out a procedure by which defendants convicted of murder under prior law may petition for resentencing in the trial court if they believe they could not be convicted of that crime "because of changes to Sections 188 or 189." (Stats. 2018, ch. 1015, § 4.) Petitions under

3

section 1172.6 address convictions where a defendant was not the killer but was held vicariously liable on one of several disfavored theories of liability identified in the statute. (*Lewis, supra*, 11 Cal.5th at pp. 957, 967.)

Bridges's contentions on appeal challenge error allegedly committed by his trial counsel. An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed at trial; it is not another opportunity to challenge the original judgment on grounds not related to the changes made to sections 188 and 189. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [mere filing of a section 1172.6 petition does not afford petitioner new opportunity to raise new claims of error occurring at the original trial]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.) Bridges's contentions alleging error by counsel at his trial are properly rejected. He has not established that he could not presently be convicted of murder or attempted murder " ' "*because of changes to Section 188 or 189.*" ' " (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 933.)

We decline to exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

4

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.